**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GARLAND S. R., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 22-CV-228-MTS |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Garland S. R. requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined he was not disabled. For the reasons discussed below, the Court **affirms** the Commissioner's decision denying benefits.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy …." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920. Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.

At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.

If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Id*. at 750.

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). A court's review is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is

"more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). A court, however, may not re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if a court might have reached a different conclusion, the Commissioner's decision will stand if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**Background and Procedural History**

On July 18, 2019, Plaintiff filed an application for disability insurance benefits pursuant to Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. (R. 154-63). He alleged an inability to work beginning on January 1, 2018, due to limitations resulting from neuropathy, peripheral artery disease, hypertension, chronic obstructive pulmonary disease, and type 2 diabetes. (R. 155). Plaintiff was sixty-two years old at the time of the ALJ's decision. (R. 27, 161). He has a high school education and past relevant work as a welder. (R. 144, 156).

Plaintiff's application was denied both initially and upon reconsideration. (R. 93-95, 102). At Plaintiff's request, ALJ Deirdre O. Dexter conducted an administrative hearing on July 20, 2021. The hearing was held by teleconference pursuant to COVID-19 procedures. Plaintiff was informed of his right to appear at the hearing with representation, and he chose to appear alone. (R. 16, 27-51, 100-01, 235-36). ALJ Dexter issued a decision on October 26, 2021, denying

benefits and finding Plaintiff not disabled. (R. 16-22). Plaintiff sought review by the Appeals Council, which it denied on March 31, 2022. (R. 1-5). As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

Following the five-step sequential process, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since January 1, 2018, through his date last insured of March 31, 2019. (R. 18). At step two, she found Plaintiff suffered from medically determinable impairments of diabetes mellitus with peripheral neuropathy, peripheral artery disease, chronic obstructive pulmonary disease, essential hypertension, mixed hyperlipidemia, and alcohol use disorder. (R. 19). The ALJ considered Plaintiff's symptoms, the objective medical evidence, and other evidence of record as required by 20 C.F.R. § 404.1529 and Social Security Ruling ("SSR") 16-3p. (R. 19-22). She noted that the "medical records support medically determinable impairments, but not the intensity, persistence, and limiting effects to support severe impairments prior to March 31, 2019." (R. 21). The ALJ ultimately concluded Plaintiff did not have "a severe impairment or combination of impairments" through the date last insured because he "did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for 12 consecutive months[.]" (R. 19). Based upon the step-two finding, the ALJ determined Plaintiff was not under a disability from January 1, 2018, his alleged onset date through March 31, 2019, his date last insured. (R. 22).

## Errors Alleged for Review

Plaintiff raises two allegations of error in his challenge to the Commissioner's denial of benefits on appeal: (1) the ALJ failed to discuss the uncontroverted and/or significantly probative evidence that conflicted with her step-two finding that Plaintiff was not disabled, and (2) the ALJ

4

failed to comply with SSR 18-01p when determining Plaintiff's disability onset date. *See* Docket No. 15, p. 5. The Commissioner counters that the ALJ's "decision is supported by substantial evidence on the record as a whole and Plaintiff has pointed to no legal error that requires remand." *See* Docket No. 17, p. 1.

**The ALJ's Consideration of the Evidence at Step Two**

Plaintiff alleged a disability onset date of January 1, 2018. For purposes of his application for disability benefits, the ALJ determined Plaintiff's date last insured was March 31, 2019. (R. 17).[1] Thus, Plaintiff had to establish that he suffered from a disabling severe impairment prior to the expiration of his insured status. *See Potter v. Secretary of Health & Human Servs.*, 905 F.2d 1346, 1348-49 (10th Cir. 1990).

At step two, Plaintiff bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).[2] An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423)(d)(3). It also "must have lasted or must be expected to last for a continuous period of at least

---

[1] Although not mentioned directly by the ALJ in the decision, she acknowledged at the hearing that Plaintiff also filed an application for supplemental security income benefits and was found disabled. (R. 34-35). She explained to Plaintiff in detail that for purposes of establishing his entitlement to disability benefits, he had the burden of establishing an impairment "severe enough to prevent [him] from doing any kind of gainful activity since the date [he] said [he] could not work[,]" the impairment must have "lasted or can be expected to last for a continuous period of at least 12 months or be expected to result in death[,]" and it began prior to his date last insured of March 31, 2019. (R. 35-36, 46-47).

[2] Basic work activities are defined as the "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522. Examples of basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting." SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985).

12 months." 20 C.F.R. § 404.1509. The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." *Williams*, 844 F.2d at 750. Consequently, a claimant's testimony alone is insufficient to establish a severe impairment. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged[.]").

The burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." *Flaherty v. Astrue*, 515 F.3d 1067, 1070-71 (10th Cir. 2007), quoting *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003). An ALJ "must consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." *Langley v. Barnhart*, 373 F.3d 1116, 1123-24 (10th Cir. 2004) (quotation omitted). If the claimant is unable to make a "de minimus" showing of medical severity, then the disability determination process ends, and he is determined not disabled. *Williams*, 844 F.2d at 751.

When considering the evidence at step two, "[t]he record must demonstrate that the ALJ considered all the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). "In addition to discussing the evidence supporting [the] decision, the ALJ also must discuss the uncontroverted evidence [s]he chooses not to rely upon, as well as significantly probative evidence [s]he rejects." *Id.* at 1010. An ALJ may not "pick and choose among medical reports, using portions of evidence favorable to h[er]

6

position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004), citing *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984).

      Plaintiff argues that when reaching the step-two determination that he was not disabled, the ALJ committed legal error by failing to consider or discuss certain evidence from the record. He first takes issue with the ALJ's discussion of Dr. Terry Horton's treatment report from July 30, 2019. He asserts the ALJ misread Dr. Horton's report. The report specifically states that Plaintiff had symptoms of numbness and needles in his feet, throbbing eyes, and sleepiness after eating, and Plaintiff reported the symptoms "started after start [of] metformin and thus stopped it 3 month[s] ago." (R. 246). The ALJ specifically discussed Plaintiff's statement in the decision, noting Plaintiff's symptoms and that Plaintiff "reported these symptoms began three months ago when he stopped Metformin (after the date last insured)." (R. 20). Although the Court agrees with Plaintiff that the statement could mean Plaintiff did not immediately stop taking Metformin when he had symptoms, the record contains no evidence establishing when Plaintiff began taking Metformin, and the Court will not speculate. In any event, even if Plaintiff was taking the medication prior to March 31, 2019, nothing in the record suggests Plaintiff's diabetes and neuropathy more than minimally affected his basic work activities or had been present for twelve months prior to March 31, 2019.

      Plaintiff's additional arguments regarding Dr. Horton's report are also without merit. He contends the ALJ failed to consider a notation in Dr. Horton's report that Plaintiff's abdominal pain began over one year ago. (R. 247). The record, however, reveals the ALJ specifically discussed Plaintiff's medication list, including that Plaintiff started taking medication for pain in 2018-2019. (R. 20). Moreover, mere statements by Plaintiff are not enough to establish that Plaintiff's impairments were severe prior to March 31, 2019. *See* 42 U.S.C. § 423(d)(5)(A). Thus,

7

the evidence, without more, was not probative to the ALJ's step-two finding. Further, the record suggests the ALJ did consider the notation in Dr. Horton's report that Plaintiff's diabetes and neuropathy were present in May of 2016 (R. 246). The ALJ determined all the conditions listed on the "Problem List" – essential hypertension, Type 2 diabetes with neuropathy, and mixed hyperlipidemia – were medically determinable impairments. (Tr. 19). Contrary to Plaintiff's allegations, the ALJ sought records from Dr. Horton, requesting records dating back to January of 2016.[3]

Plaintiff also argues the ALJ failed to discuss Plaintiff's statement to consultative examiner Dr. James Crutcher that Plaintiff had suffered from diabetes "for about three years." (R. 252). Although the ALJ did not specifically mention Plaintiff's statement to Dr. Crutcher (she did discuss his October 5, 2019, report in the decision), as already stated, Plaintiff points to no medical evidence in the record that establishes that his diabetes and neuropathy were severe prior to March 31, 2019.

Plaintiff further asserts the ALJ failed to discuss a conflict with the findings of reviewing physician, Dr. David Coffman, or explain how it affected her decision. He contends that in one review document Dr. Coffman modified Plaintiff's disability onset date to April 1, 2019, which was one day after Plaintiff's insured status expired, and then in another review document, Dr. Coffman changed the onset date to July 18, 2019. Plaintiff maintains the ALJ should have addressed the discrepancy because Plaintiff was found disabled for purposes of supplemental

---

[3] The ALJ specifically questioned Plaintiff during the hearing about whether there were any medical records dating prior to March 31, 2019. He testified that any outstanding medical records would be from Dr. Horton through St. Francis Hospital in Vinita, Oklahoma, and the records would address his diabetes and neuropathy. (R. 33-34, 42, 44-45, 47). The record shows that the agency attempted to obtain records from Dr. Horton prior to the hearing (R. 282-85), and the ALJ again requested records after the hearing based upon Plaintiff's testimony. (R. 390-91). In the decision, the ALJ notes that additional records were received after the hearing. (R. 16). All the records are dated after March 31, 2019.

security income benefits. A review of the record shows that when reviewing the evidence for Plaintiff's claim for disability insurance benefits Dr. Coffman modified the alleged onset date from January 1, 2018, to April 1, 2019. He stated on both reviews of the evidence (for disability insurance benefits and for supplemental security income) that there was insufficient evidence to form an opinion for the time period of Plaintiff's alleged onset date of January 1, 2018, to the modified onset date of April 1, 2019. (R. 58, 61, 71, 74). In the decision, the ALJ referenced the opinions from the reviewing medical and psychological consultants, noting that they all "found insufficient evidence at the date last insured to provide an opinion." (R. 22). The ALJ's finding is consistent with Dr. Coffman's statements, and this Court finds her discussion is sufficient.

Plaintiff's case is complicated by the fact that there is no medical evidence in the record from the pertinent time period. As required, the ALJ considered the medical evidence in the record, all of which post-dated March 31, 2019, and she also attempted to obtain medical evidence from prior to Plaintiff's onset date. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215, 1217 (10th Cir. 2004) (the ALJ should consider evidence from an earlier time period as it may be relevant to whether the claimant is disabled); *Hardman*, 362 F.3d at 678, 681 (remanding for the ALJ to consider an MRI performed over one year after the date last insured). She considered Plaintiff's subjective symptoms, his testimony, and the probative medical evidence in the record, and she determined that the "medical records support medically determinable impairments, but not the intensity, persistence, and limiting effects to support severe impairments prior to March 31, 2019." (R. 21). She found Plaintiff did not have a severe impairment or combination of impairments. (R. 22). The Court therefore concludes there is no error in the ALJ's step-two determination that Plaintiff is not disabled.

**Determination of Disability Onset Date**

Plaintiff also asserts the ALJ failed to properly assess his disability onset date in compliance with SSR 18-01p.  He maintains the ALJ failed to adequately address his impairments, the severity of his symptoms and objective findings, his treatment, and statements about his condition when determining whether he was disabled on his alleged onset date.  He further claims the ALJ failed to obtain additional medical evidence.

SSR 18-01p states that when determining the onset date, the ALJ will consider "the nature of the claimant's impairment; the severity of the signs, symptoms, and laboratory findings, the longitudinal history and treatment course (or lack thereof); the length of the impairment's exacerbations and remissions, if applicable; and any statement by the claimant about new or worsening signs, symptoms, and laboratory findings."  2018 WL 4945639, at *6 (Oct. 2, 2018).  It further states that the ALJ will assist with obtaining "additional medical evidence relevant to the period at issue."  *Id*.

The Court finds no merit to Plaintiff's argument regarding SSR 18-01p.  The ALJ's decision demonstrates that even though she did not expressly reference SSR 18-01p in the decision, she followed its dictates and specifically discussed Plaintiff's alleged impairments, his symptoms, hearing testimony, the medical evidence of record, and attempted to obtain additional medical records based upon Plaintiff's testimony at the hearing.  (R. 16, 19-22, 390-91).  Although she noted that the record was "void of any treatment from his alleged onset date of January 1, 2018 through his date last insured, March 31, 2019[,] regarding his diabetes with neuropathy and chronic obstructive pulmonary disease[,]" she thoroughly reviewed the evidence that was in the record.  As discussed herein, the ALJ's step-two determination that Plaintiff was not disabled is supported by substantial evidence.

## Conclusion

For the foregoing reasons, the ALJ's decision finding Plaintiff not disabled is **AFFIRMED**.

IT IS SO ORDERED this 22nd day of May, 2023.

_____
MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRCT COURT